Curia, per Harper, Ch.
There is an apparent hardship in the complainants case, which might incline the court to regret its inability to relieve. But it is apparent that if relief should be granted, it would be not on the score of any fraud or misconduct of the parties, but on account of the hardship and injustice of the law, which we are bound to follow. The defendants have gained no advantage but what the law permits them to gain. It was argued indeed, that the defendants were in a situation of advantage as attorneys of the defendant in the suit- at law: they knew when judgment was about to be entered against their client, and may be *10 supposed to have had an influence over his mind. Equity watches with jealousy, the transactions between an attorney and his client; but it is not the client who is now complaining. They knew when judgment was about to be obtained against him; but it was no more unconscientious in them to secure a preference for a bona fide debt, than if any third person, knowing the same thing, had gained a similar preference. To decide otherwise, would be to deny the right, so well established, of a debtor’s preferring one creditor to another.
The decree is affirmed.
Johnson, Dunkin and Johnston, Chancellors, concurred.